UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL JOSEPH FLAK, JR.,

          **Plaintiff,**

v.                                          Case No. 24-CV-115

KIMBERLY LOEHKRE, *et al.*,

          **Defendants.**

---

### DECISION AND ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Plaintiff Daniel Joseph Flak, Jr., who was formerly incarcerated and is representing himself, brings this lawsuit under 42 U.S.C. § 1983. Flak was allowed to proceed on a claim under the Eighth Amendment for deliberate indifference to his medical needs against defendant Kimberly Loehkre and a John Doe defendant, and a claim against defendant Health Services Unit (HSU) Manager Keith Johnson for establishing a policy that allows non-medical staff to deny a prisoner medical attention.

The defendants filed a motion for partial summary judgment for failure to exhaust administrative remedies, asserting that Flak failed to properly exhaust his claim against Johnson. (ECF No. 28.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 6, 23.) The motion is fully briefed and ready for a decision.

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'"

2

*Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court and produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

*Relevant Procedure for Exhausting Administrative Remedies*

The Inmate Complaint Review System (ICRS) is the main process a prisoner must use to bring a grievance to the attention of the institution. Wis. Admin Code § DOC 310.04. Before filing a formal written inmate complaint, "an inmate shall attempt to resolve the issue by following the designated process specific to the subject of the complaint." Wis. Admin Code § DOC 301.07(1). An inmate must file a formal

3

written inmate complaint regarding whatever issue he wishes to raise within 14 calendar days of the conduct giving rise to the complaint occurring. Wis. Admin. Code § DOC 310.07(2). The complaint must clearly identify the issue the inmate seeks to complain about and must be limited to one issue at a time. Wis. Admin. Code § DOC 310.07(5).

Once an inmate files a complaint, the institution complaint examiner may either accept, reject, or return the complaint. Wis. Admin. Code § DOC 310.10(2). A complaint may be rejected for any of the nine reasons stated in Wis. Admin. Code § DOC 310.10(6)(a)-(i). An inmate may appeal a rejected complaint to the appropriate reviewing authority within 10 days. Wis. Admin. Code § DOC 310.10(10). A complaint may be returned within 10 days of receipt if it fails to meet filing requirements, including if the inmate complaint contains more than one issue. Wis. Admin. Code § DOC 310.10(5). An inmate has 10 days to correct the deficiencies. Wis. Admin. Code § DOC 310.10(5).

Once the institution complaint examiner accepts the complaint, he makes a recommendation to the Reviewing Authority. Wis. Admin. Code § DOC 310.10(12). The Reviewing Authority has 15 days after receiving the recommendation to either affirm or dismiss the complaint in whole or in part. Wis. Admin. Code § DOC 310.11(1)-(2). Within 14 days after the date of the Reviewing Authority's decision, an inmate may appeal the reviewing authority's decision to the Corrections Complaint Examiner. Wis. Admin. Code § DOC 310.12(1). Appeals may not exceed 500 words and may not exceed two pages. Wis. Admin. Code § DOC 310.09(2)(e). Appeals must

4

also be "limited to the issue raised in the original complaint." Wis. Admin. Code § DOC 310.09(2)(g). If a prisoner does not receive a decision within 45 days after the date the ICE acknowledged the inmate complaint, he may appeal to the Corrections Complaint Examiner. Wis. Admin. Code § DOC 310.11(3).

The Corrections Complaint Examiner then has 45 days in which to make a recommendation to the Office of the Secretary of the DOC or to notify the inmate that more time is needed. Wis. Admin. Code § DOC 310.12(9). The Corrections Complaint Examiner "may recommend rejection of an appeal not filed in accordance with § DOC 310.09." Wis. Admin. Code. § DOC 310.12(5). The Secretary then has 45 days in which to make a decision following receipt of the Corrections Complaint Examiner's recommendation. Wis. Admin. Code § DOC 310.13(1). If an inmate does not receive a decision from the Secretary within 90 days of receipt of the appeal in the Corrections Complaint Examiner's office, he may consider his administrative remedies exhausted. Wis. Admin. Code § DOC 310.13(4).

*Flak's Allegations and Attempts to Exhaust his Administrative Remedies*

On July 27, 2021, Flak was playing basketball at Oshkosh Correctional Institution and suffered a severe ankle injury. (ECF No. 14, ¶¶ 8, 9.) A defendant John Doe staff member and defendant Loehkre did not allow him to seek medical attention and made him navigate the stairs to get his own ice to alleviate his pain. (*Id.*, ¶¶ 14-18.) As Flak went to get ice, the pain became so unbearable he passed out and fell down the stairs. (*Id.*, ¶ 19.) Flak also alleges that HSU Manager Johnson had a "common practice" of allowing non-medical staff to triage patients at the HSU

5

who did not have appointments. (*Id.*, ¶ 25.)

It is undisputed that Flak filed only one relevant inmate complaint, OSCI-2021-11625, wherein Flak described and complained about his injury and the refusal of medical attention, which ultimately caused him to fall down the stairs. (ECF No. 31-2 at 14-15.) The inmate complaint went through the entire exhaustion process, with the dismissal of the inmate complaint ultimately being upheld by the Office of the Secretary. (ECF No. 30, ¶¶ 7-10.) The defendants assert that Flak "did not raise a complaint about Health Service Unit Policies related to the triaging of inmates in the HSU in either the [Inmate] Complaint or Appeal for OSCI-2021-11625. (*Id.*, ¶ 11.) Flak "denies this," referencing paragraph 2 of his affidavit. (ECF No. 48, ¶ 11.) However, neither paragraph two of "Plaintiff's Affidavit in Support of His Response to Defendants' PFOF" (ECF No. 47) or paragraph two in "Declaration of Daniel Flak, Jr." (ECF No. 49) explains or provides detail as to why he denies the defendants' assertion that he did not raise a complaint about the HSU policy.

*Analysis*

The Seventh Circuit Court of Appeals "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). To satisfy the exhaustion requirement, a prisoner must give "a prison 'notice of, and an opportunity to correct,

6

a problem.'" *Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020) (quoting *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013)). A prisoner's inmate complaint "will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'" *Id.* (quoting *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002)). The inmate complaint does not need to state "facts, articulate legal theories, or demand particular relief," and it does not need to specifically name each defendant as long as the grievance "object[s] intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650.

Flak does not adequately dispute the defendants' assertion that he did not exhaust his claim against Johnson for the HSU policy. "Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020). "It is therefore incumbent on the party opposing a summary judgment motion to 'inform the district court of the reasons why summary judgment should not be entered'" *Reed v. Brex, Inc.*, 8 F. 4th. 569, 578 (7th Cir. 2021) (quoting *Riely v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018)). Simply denying the defendants' proposed finding of fact without more is insufficient.

Flak has not demonstrated that he properly exhausted his administrative remedies related to his claim against Johnson. Therefore, summary judgment is granted in Johnson's favor.

## CONCLUSION

Flak failed to exhaust his administrative remedies relating to his claim against Johnson. Therefore, the court grants summary judgment in favor of Johnson. The claim against Johnson is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020). Because that was the only claim against Johnson, he is dismissed as a defendant. The court will issue an amended scheduling order at a later date to move the case forward.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for partial summary judgment (ECF No. 28) is **GRANTED.** The claim against Johnson is **DISMISSED without prejudice.**

**IT IS FUTHER ORDERED** that Keith Johnson is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 24th day of February, 2025.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

8